# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREA FLEYTAS, <br><br> Plaintiff, <br><br> vs. <br><br> BP EXPLORATION & PRODUCTION INC.; and HALLIBURTON ENERGY SERVICES, INC. <br><br> Defendants. | § § § § § § § § § § § § § § § <br><br> C.A. No.: <br><br> JURY DEMANDED |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, BP Exploration & Production Inc. ("BPXP"), hereby gives notice and removes this case to the United States District Court for the District of Delaware.

BPXP respectfully represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

## NATURE OF THE ACTION

1. BPXP is a named defendant in the matter styled *Andrea Fleytas v. BP Exploration & Production Inc., et al.*, pending in the Superior Court of the State of Delaware, in and for New Castle County ("State Court Action").

2. Plaintiff Andrea Fleytas commenced this action by filing her lawsuit in the Delaware Superior Court on April 20, 2011. BPXP has been served with process.

3. According to the Petition, "Plaintiff suffered severe injuries as a result of the DEEPWATER HORIZON explosion on April 20, 2010." *See* Exhibit A, Original Petition at ¶ 9. The Petition further alleges that "Plaintiff was a Jones Act seaman who was assigned to the DEEPWATER HORIZON as a dynamic positioning officer." I*d.* Plaintiff seeks damages. *See id.* at ¶¶ 17-19.

4. The claims asserted by Plaintiff arise under federal law by reason of the Outer Continental Shelf Lands Act ("OCSLA") and are subject to the jurisdiction of the federal courts under the provisions of 43 U.S.C. § 1331 for several reasons, including the nexus of this case to a federal enclave. Plaintiff's Jones Act claims have been fraudulently pleaded as a matter of law, and thus operate as no barrier to this OCSLA-based removal.

## BASIS FOR FEDERAL JURISDICTION

5. This case is removable to this Court under the independent jurisdictional grant of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq.* OCSLA provides, in relevant part, that "district courts of the United States shall have

jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1). The well-pleaded complaint rule poses no obstacle to the removal of a case falling within the independent jurisdictional grant of OCSLA.

6. OCSLA defines "minerals" as including "oil, gas, sulphur, geopressured-geothermal and associated resources." 43 U.S.C. § 1331(q). "Exploration" is the "process of searching for minerals, including ... (2) any drilling;" "development" includes "those activities which take place following discovery of minerals in paying quantities, including geophysical activity, drilling, platform construction, and operation of all onshore support facilities, and which are for the purpose of ultimately producing the minerals discovered." 43 U.S.C. §§ 1331(k), (l).

7. The State Court Action arises out of, and has a connection with, operations by BPXP that were conducted on the outer Continental Shelf within the meaning of 43 U.S.C. § 1331(a) and § 1301(a). These operations "involve[d] exploration, development, or the production of minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1). Accordingly, this Court has subject matter jurisdiction under 43 U.S.C. § 1349(b)(1)(A).

8. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims asserted arise under a federal statute, namely, the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq.*, and because claims involving federal enclaves

like the outer Continental Shelf inherently arise under federal law. Federal-question claims ordinarily are subject to the well-pleaded complaint rule, but cases involving federal enclaves unavoidably involve federal and not state law, regardless of whether a plaintiff invokes federal law on the face of her complaint.

9. This Court has original jurisdiction for purposes of removal under 28 U.S.C. § 1441(a) because Plaintiff's complaint alleges injuries and damages that would not have occurred but for the *Deepwater Horizon* incident, an operation on the Outer Continental Shelf involving the exploration or production of minerals.

10. Additionally, Plaintiff's claims "arise under" federal law for purposes of removal under 28 U.S.C. § 1441(b) because OCSLA establishes a federal enclave on the Outer Continental Shelf. Claims brought within federal enclaves necessarily arise under federal law. It is thus irrelevant that Plaintiff has sued a forum defendant and the second sentence of Section 1441(b) is inapplicable.

11. Accordingly, this case is removable under both 28 U.S.C. §§ 1441(a) and (b).

12. Additionally, Plaintiff fraudulently pled a Jones Act case to prevent removal. Plaintiff intentionally failed to include Transocean, the owner of the *Deepwater Horizon* and Plaintiff's employer, as a defendant in this action. As such, Plaintiff has avoided stating a viable Jones Act cause of action against Plaintiff's true Jones Act employer. Accordingly, since BPXP was not singly or collectively Plaintiff's Jones Act employer, the Jones Act represents no barrier to removal on any otherwise viable grounds for doing so.

13. Specifically, Plaintiff fraudulently joined BPXP in the lawsuit. BPXP did not employ the Plaintiff. *See* Exhibit B: Declaration of Cynthia Reyes Garcia at ¶ 9. BPXP did not control Plaintiff's work activity nor did it direct her in the details of her work. *See id.* at ¶¶ 5-9. BPXP was not responsible for her wages and/or fringe benefits. *See id.* at ¶ 9. BPXP could not discharge Plaintiff from her status as a Transocean employee. *See id.* at ¶ 10. The contract governing Transocean's provision of drilling services clearly stated that neither the contract nor Transocean's duties would ever result in Transocean, or anyone employed by Transocean, being an employee of BPXP. *See id.* at ¶ 5. As a general practice and consistent with BPXP's internal guidelines, BPXP does not assume control over the employees of its contractors, like Transocean. *See id.* at ¶ 6. There is no evidence that BPXP's general practice was not followed. *See id.* at ¶ 7.

14. Moreover, Plaintiff performed the work of Transocean. *See* Exhibit C: Declaration of Stuart William Sannan at ¶ 7. There was no understanding between BPXP and Transocean to assign the Plaintiff to BPXP. *See id.* at ¶¶ 9-10. While on the *Deepwater Horizon,* Plaintiff was housed, fed, outfitted, and equipped by Transocean. *See id.* ¶ 7. Transocean, not BPXP, had the right to discharge Plaintiff. *See id.* at ¶ 8. And, Transocean, not BPXP, paid Plaintiff. *See id.* at ¶¶ 4, 5. Plaintiff was neither a *de facto* BPXP employee nor a borrowed seaman. *See id.* at ¶ 11.

15. Plaintiff cannot avoid proper federal court jurisdiction by merely purporting to plead a Jones Act case against a non-Jones Act employer. BPXP did not employ Plaintiff; nor was Plaintiff a borrowed seaman of BPXP. *See* Exhibits B, C.

Plaintiff has fraudulently pleaded a Jones Act case to avoid federal jurisdiction. *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175-76 (5th Cir. 1995); *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

16. BPXP is aware of the decision on removal issues rendered against Transocean in the case of *St. Joe Company v. Transocean Offshore Deepwater Drilling Inc.*, --- F. Supp. 2d ---, 2011 WL 915300 (Mar. 15, 2011), *appeal dismissed*, No. 11-1695 (3d Cir. Mar. 25, 2011). BPXP was not a party to that case and respectfully believes that the opinion does not address BPXP's legal positions on removal issues, which are not identical to Transocean's (and hence were not presented to the Court in *St. Joe*). Specifically, BPXP believes that the *St. Joe* Court determined that it lacked jurisdiction over that case only because it was not presented with, and therefore did not address, the dispositive question whether claims involving federal enclaves like the outer Continental Shelf inherently arise under federal law.

17. BPXP does *not* remove this case based on any assertion that Plaintiff possesses a cause of action under the federal Oil Pollution Act ("OPA"). Nor does BPXP remove this case based on the preemption doctrine (or "complete preemption" doctrine) connected to OPA or to any other federal statute. Preemption issues play no part in BPXP's position on removability. No construction of OPA is implicated by removing this case. Nor is it necessary in order for the Court to sustain the removal of this action to rule on any issue of choice of law under OCSLA, maritime, or state law. Both preemption and choice of law are merits issues that do not impact the existence in this case of original or removal jurisdiction.

## REMOVAL UNDER 28 U.S.C. §§ 1441(a), (b), and (c) & 1446(a)-(b)

18. Removal is proper under 28 U.S.C. §§ 1441(a) and (b), which permits removal if the Court has either independent jurisdiction or arising-under jurisdiction "without regard to the citizenship or residence of the parties." Removal of all claims in the case is proper under 28 U.S.C. § 1441(c). Removal is timely under § 1446(b).

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as this Court "is the district court of the United States for the district and division within which" the State Court Action (filed in the Superior Court, New Castle County, Delaware) is pending. 28 U.S.C. § 1446(a).

## EFFECTUATION OF REMOVAL AND APPLICABLE PROCEDURAL REQUIREMENTS

20. BPXP hereby removes this matter to the United States District Court for the District of Delaware.

21. By filing this Notice of Removal, BPXP expressly consents to the removal. Halliburton has consented to this removal. *See* Exhibit E.

22. The matter may be removed without regard to the citizenship or residence of the parties in accordance with 28 U.S.C. §§ 1441(a) and (b).

23. Pursuant to 28 U.S.C. § 1446(a), BPXP has attached a copy of all process, pleadings and orders served on BPXP in the State Court Action as well as copies of all documents on file in the record of the State Court Action which are within the possession, custody and control of BPXP. *See* Exhibits A, D.

24. Pursuant to 28 U.S.C. § 1446(d), BPXP is providing written notice of the filing of this Notice of Removal to all adverse parties.

25. The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal. Undersigned counsel certifies that a notice of filing removal, along with a copy of this Notice of Removal, will be promptly filed with the Superior Court in and for New Castle County, Delaware.

WHEREFORE, the BPXP Petitioner hereby removes this action to the United States District Court for the District of Delaware.

Dated:  May 25, 2011                                        Respectfully submitted,

                                                            Maron Marvel Bradley & Anderson,
                                                             P.A.


                                                            By: *s/ Paul A. Bradley*
                                                               Paul A. Bradley
                                                               DE Bar ID. No. 2156
                                                               Maron Marvel Bradley & Anderson,
                                                                P.A.
                                                               1201 N. Market Street, Ste. 900
                                                               Wilmington, DE 19801
                                                               302-425-5177
                                                               302-472-1792 (direct)
                                                               302-507-1741 (cell)
                                                               302-425-0180 (fax)
                                                               pab@maronmarvel.com

                                                            ATTORNEY-IN-CHARGE FOR
                                                            DEFENDANT BP EXPLORATION &
                                                            PRODUCTION INC.

OF COUNSEL:

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
312-862-2000 (Tel)
312-862-2200 (Fax)

## **CERTIFICATE OF SERVICE**

      I hereby certify that true and correct copies of the above and foregoing instrument have been served by electronic CM/ECF filing and/or First Class mail, on this 25th day of May 2011, as follows:

      Christopher J. Curtin
      MacElree Harvey, LTD
      5721 Kennett Pike
      Centerville, DE  19807

      Kurt B. Arnold
      Jason Itkin
      Cory Itkin
      Arnold & Itkin LLP
      5 Houston Center
      1401 McKinney Street, Suite 2550
      Houston, Texas  77010

      *s/ Paul A. Bradley*